JOHN WILCOX AND OTHERS, *vs.* CRESTER HUNT AND OTHERS.

In the District Court of Louisiana, the defendant pleaded the plea of reconvention, which is authorized by the Code of Practice of Louisiana. The District Court, on the motion of the plaintiffs, ordered the plea to be stricken off. The Code of Practice of Louisiana was adopted in Louisiana, by a statute of that state, passed after the act of Congress of the 26th May, 1824, regulating the practice of the District Court of the United States for the eastern district of Louisiana; and the practice according to that code had not been adopted as part of the rules of practice of the District Court, when the plea was stricken off. Held, that the plea was properly stricken out.

Where a deed of trust was made to secure the payment of certain promissory notes, in an action upon the deed the notes may be read in evidence to prove the amount of the debt intended to be secured by the deed, without the notes having been assigned by the payees to the plaintiffs, the trustees in the deed.

The general rule is, that the allegations in the answer or plea in an action, and the proof, must agree. Where there were no averments in a plea, to authorize the proof offered by a defendant, it was properly rejected by the Court.

In Louisiana, when a contract having subscribing witnesses to it is proved to have been made out of the state, the state Courts presume the witnesses reside at the place where the contract was made, and are not subject to process issued out of those Courts. They therefore allowed secondary evidence to prove the contract. This being the settled doctrine of the Supreme Court of Louisiana, the District Court of the eastern district of Louisiana properly admitted evidence of the handwriting of the witnesses to a deed of trust, which had been executed out of Louisiana, to go to the jury.

There is a material difference between the laws of New York and those of Louisiana, in relation to the dignity of instruments in writing. Contracts made before a notary and two witnesses, called authentic acts, are, by the laws of Louisiana, elevated above all others. A contract under seal does not appear to be of greater dignity in Louisiana than one without seal; and those who sue in the Courts of that state must abide the consequences of these rules. The validity and interpretation of contracts are to be governed by the laws of the country where they are made; but the remedy must be according to the laws of the country where the suit is brought.

IN error to the District Court of the United States, for the eastern district of Louisiana.

Mr. Justice M KINLEY delivered the opinion of the Court:—

This case comes before this Court upon a writ of error to the District Court of the United States, for the eastern district of Louisiana.

The defendants in error commenced their suit by petition in the Court below, upon a deed of trust executed by Wilcox, one of the plaintiffs in error, in the state of New York; by which he covenanted, among other things, to pay to the defendants in error the sum of twenty-five thousand two hundred and six dollars and eight cents, being the amount of certain promissory notes, mentioned and enumerated in said deed of trust, payable to several persons in the city of New York. Others, to wit, James B. Hulin, Alfred Hennen, and E. V. Jourdain, were made defendants to the suit, for the purpose of subjecting money in their hands, belonging to Wilcox, to the payment of the debt sued for, according to the mode of proceeding in Louisiana. Wilcox pleaded a general denial, and the plea of reconvention, claiming damages of the plaintiffs below for breaches

on their part of the covenants in the deed of trust, to be set off against the amount sought to be recovered against him.

At the trial the Court ordered the plea of reconvention to be stricken out, to which Wilcox excepted. This plea is authorized by the Louisiana Code of Practice, which was adopted by statute subsequent to the passage of the act of Congress of the 26th of May, 1824, regulating the practice in the District Court of the United States, for the eastern district of Louisiana, and which at the time of the trial had not been adopted as a rule of practice of that Court. It being a plea not authorized by the rules governing the practice of the Court, it was properly stricken out.

Three other bills of exceptions were taken at the trial to the rulings of the Court. By the first, it appears, the plaintiffs' offered to prove the signatures of the defendant Wilcox, and of the plaintiffs to the deed sued on. The defendant, Wilcox, objected to this evidence; because it appeared by the deed that there were two subscribing witnesses to it. But the Court overruled the objection, and admitted the evidence, upon the ground that, as the deed was executed in the state of New York, it was fairly presumable that the subscribing witnesses resided there; and which was a sufficient reason for letting in secondary evidence to prove the execution of the deed. When a contract is proved to have been made out of the state of Louisiana, having subscribing witnesses to it, the state Courts presume that the witnesses reside at the place where the contract was made, and are not subject to the process of the Court. They therefore allow secondary evidence to prove the execution of the contract. 7 Martin's Rep. N. S. 542. 8 Martin's Rep. N. S. 379. 12 Martin's Rep. 539. This being the settled doctrine of the Supreme Court of Louisiana, the Court below very properly permitted the evidence to go to the jury.

But it is contended by the plaintiff's counsel here, that the contract having been made in the state of New York, it ought, in all respects, to be governed by the laws of that state. There is a material difference between the laws of New York and those of Louisiana, in relation to the dignity of the instrument sued on, in the Court below. Contracts made before a notary and two witnesses, called authentic acts, are by the laws of the latter state elevated above all others. A contract under seal does not appear to be of greater dignity there than one without seal. And those who sue in their Courts must abide the consequences of these rules. The validity and interpretation of contracts are to be governed by the laws of the country where they are made; but the remedy must be according to the laws of the country where the suit is brought. 8 Peters' Rep. 361.

By the second of these bills of exceptions it appears the plaintiffs offered to read the notes included in the deed of trust, as evidence of the amount of debt due from the defendant Wilcox; to which he objected, because they had not been assigned to the plaintiffs by the payees. The objection was overruled by the Court, and the notes

read to the jury. If the action properly lay upon the deed of trust, to which there appears to have been no objection made, it was proper that the notes, which were included in the deed and made a part of it, should have been read to the jury. The third and only remaining exception is, to the offer on the part of the defendant to prove, under the plea of general denial, a violation of the contract sued on, by the plaintiffs, before the commencement of the suit; and a failure, on their part, to comply with its stipulations. This evidence was objected to by the plaintiffs, and excluded from the jury by the Court. The general rule is, that the allegations in the answer or plea and the proof must agree; and as there were no averments in the plea to authorize the proof, it was properly rejected by the Court. From the best consideration we have been able to give to this case, it seems to us there is no error in the record and proceedings of the District Court. The judgment is therefore affirmed with costs.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the eastern district of Louisiana, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs and damages at the rate of six per centum per annum.