NORTH ALABAMA DEVELOPMENT CO., Limited, v. ORMAN.

(Circuit Court of Appeals, Fifth Circuit.    March 6, 1893.)

No. 101.

1. COVENANTS TO PAY ANOTHER'S DEBT—ACTION BY CREDITOR.

Where the grantee of land covenants that as part of the consideration he will pay certain notes given by his grantor for deferred payments when he purchased the land, the payee, under the laws of Alabama, may proceed at law against the covenantor; and his so proceeding is such an acceptance of the covenant as draws to him the exclusive right of action thereon. Affirming 53 Fed. Rep. 469.

2. SAME—REMOVAL TO FEDERAL COURT—JURISDICTION.

Where such proceeding, begun in the state court, is removed to the United States circuit court, it will proceed therein as an action at law, as it would have done in the state court, and the jurisdiction is not affected by stipulations between the parties.

3. SAME—CONSTRUCTION—NOTE SECURED BY MORTGAGE.

The grantee of land covenanted that as part of the consideration therefor he would pay certain notes made by the grantor. These notes recited that they were secured by mortgage on the land, and that in case of foreclosure the maker should be liable only to the extent of the proceeds of the sale, which proceeds should constitute a cancellation of the note. In the mortgage a power of sale was granted to the mortgagee, the payee of the notes. Held that, since neither notes nor mortgage required a sale of the land upon default in payment, the covenantor was liable in an action at law for the face of the notes if not paid at maturity. Affirming 53 Fed. Rep. 469.

4. ATTACHMENT—GROUNDS—FOREIGN CORPORATION.

By the express provision of the Alabama Code, § 2940, an attachment may issue in an action against a foreign corporation which has property within the state. Affirming 53 Fed. Rep. 469.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

Action by W. A. Orman against the North Alabama Development Company, Limited, of London, England, a corporation, originally brought in the circuit court of Franklin county, Ala., and thence removed into the United States circuit court, where a motion to dissolve an attachment issued by the state court was overruled, and judgment given for plaintiff. See 53 Fed. Rep. 469. Defendant brings error. Affirmed.

Roulhac & Nathan, for plaintiff in error.
W. I. Bullock and Milton Humes, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

McCORMICK, Circuit Judge. Defendant in error brought his actions at law in a state court in Alabama on a certain covenant in a deed from one Parish and wife to the plaintiff in error, which covenant is in these words:

"And it is hereby covenanted and agreed by the said party of the second part, to and with the said party of the first part, that the said party of the second part will assume, and does hereby assume, the full and just payment at maturity of the two notes hereinbefore mentioned, given by the said party

of the first part to said W. A. Orman for the deferred payment of and for the lands and mineral rights herein conveyed, each dated May 12, 1890, and each for the sum of $7,245.22, and bearing interest from April 4, 1890, due respectively April 4, 1891, and April 4, 1892, which said notes and interest thereon the said party of the second part hereby covenants to pay as a part of the purchase money of said lands and mineral rights, and of the consideration of this conveyance, when the same falls due."

The notes referred to are identical in terms except as to date of maturity,—one due 4th of April, 1891, and the other due April 4, 1892,—expressed in words and figures as follows:

"$7,245.22.           Russellville, Ala., May 12, 1890.

"On or before the fourth day of April, 1892, I promise to pay to the order of W. A. Orman the sum of seventy-two hundred and forty-five dollars and twenty-two cents, with interest from the 4th day of April, 1890. The condition of this note being that I have this day given W. A. Orman a mortgage on certain lands in Franklin county, Alabama, and, should said lands have to be sold under the mortgage, then I am only liable under this note to the amount of the proceeds of said sale, and no more. Such proceeds to constitute a cancellation of this note.

[Signed]                          "A. Parish."

Attachment was sued out and levied on the general estate of plaintiff in error. The ground for asking the attachment was that the defendant in attachment, plaintiff in error here, was a foreign corporation, created and existing under the laws of Great Britain. The plaintiff in error by proper proceedings removed the action into the United States circuit court for the northern division of the northern district of Alabama. The cases were there consolidated, and the plaintiff in error moved in that court to dissolve the attachment substantially on these three grounds: (1) That the plaintiff in attachment could not proceed at law on the covenant counted on; (2) that the covenant would only warrant a special attachment on the mortgaged property; (3) the affidavit that the defendant in attachment is a foreign corporation does not authorize an attachment.

On the trial of this motion the parties filed in court the following agreement in writing:

"In the above-entitled cause it is agreed that they shall be consolidated, and that the complaint filed in case numbered 1,569 shall be considered, held, and treated as the complaint in the consolidated case. It is further agreed that said cases as so consolidated shall be submitted to the court for its decision without the intervention of a jury, upon the complaint and motion of the defendant to dissolve and discharge the attachment in the case, together with the following agreed statement of facts: (1) The original notes, as set forth in said complaint, and the original deed from Alfred Parish and wife to the defendant, set forth in the complaint. It is agreed that the said notes were given by said Parish as they purport, and that said deed was executed and delivered by him to the defendant, and accepted by it, and that said notes remain due and unpaid; and that said notes as copied in the complaint (the originals of which are offered in evidence) are the same notes that are referred to in the said deed of conveyance from said Parish and wife to the defendant. It is further agreed that if the court should overrule said motion to dissolve and discharge said attachments, then it shall enter judgment in favor of the plaintiff for the amount called for by said notes, with interest thereon. No steps have been taken by the plaintiff to sell the lands referred to in said notes under the mortgage therein also referred to. The motion of the defendant in the one case above mentioned shall apply to the other in

the same manner and to the same extent, both in this court and upon appeal or writ of error to any other court; and it is further agreed that if this court shall overrule the motion to dissolve or discharge the attachments, the defendant shall have the right to file any pleas which shall raise the questions of its liability to any suit at law by the plaintiff; its liability, if any exists, for more than the proceeds of the sale of the lands for which the notes of Parish were made to Orman, the plaintiff; and also of the jurisdiction of the court at common law to hear and determine this case; so that the judgment of the court may be upon the merits of the case, and not solely upon the ground that the present motion or rule is not the proper mode of raising the questions involved."

There was judgment for plaintiff in attachment for the amount of his demands, and an order to sell the property taken by the attachment. Defendant in attachment prosecuted this writ of error, and urges that the circuit court erred in overruling each of its grounds above stated for dissolving the attachment.

It can hardly be necessary to observe in reference to the last clause of the above-recited agreement that it did not enlarge or modify the jurisdiction of the circuit court. Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. Rep. 831. We consider it to be settled by the decisions of the supreme court of Alabama that the plaintiff in these actions had a right to proceed at law on the covenant counted on, and that his so proceeding was such an acceptance of the covenant as drew to him the exclusive right of action thereon. Huckabee v. May, 14 Ala. 263; Coleman v. Hatcher, 77 Ala. 217; Young v. Hawkins, 74 Ala. 370, and many other cases.

Where, as in many of the states, the distinction between law and equity is not preserved, a case removed from the state court to the United States circuit court becomes an action at law or a suit in equity, or as to part the one and as to part the other, according to the nature of the cause of action and of the relief prayed. Where, as in Alabama, that distinction is preserved, it may well be doubted if a defendant in an action at law can by removal to the circuit court convert the action at law into a suit in equity; and if, by reason of the nature of the cause of action, the circuit court would not have jurisdiction to adjudge the issues joined, it would seem that the plaintiff would not lose his action, but the cause would be remanded to the court which had jurisdiction. In our opinion, there is no such element of inefficiency in the constitution of the United States circuit court as would require either that the plaintiff should lose his action in this case, or that it should be remanded to the state court. Where the cause of action is such that it can be declared on in a strictly law court of the state in which the cause of action arose and is to be enforced, and is so declared on in such state court, and then removed to the circuit court, we do not doubt the jurisdiction of the circuit court to proceed with the case at law. The parties contracted with reference to the laws of Alabama. Whether the remedy is at law or in equity is governed by the law of the forum. Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. Rep. 102; Wilcox v. Hunt, 13 Pet. 378; Willard v. Wood, supra.

Is the second ground urged by plaintiff in error good? Its counsel contends that, as the notes by way of recital state that Parish

had given Orman a mortgage, it was necessary to consider said mortgage and notes and the covenant declared on together as one instrument, and that, thus considered, and rightly construed, the obligor was only liable to the amount of the proceeds of the sale of the mortgaged premises if the amount named in the notes was not paid at maturity. The mortgage provided that, in case of default, the mortgagee, his heirs, executors, administrators, or assigns, shall have power to sell. It certainly does not in express terms require them to sell, and there is nothing in it to indicate that the sale under it would cancel the notes, even though the proceeds of the sale, after paying the costs provided for, did not equal the principal and interest named in the notes. Therefore the recitation of the mortgage in the notes adds nothing to the force of the condition embodied in the notes. That condition does not, in terms, require the mortgaged premises to be sold in case of default made in payment at maturity. It is urged that the parties, by the reference in the notes to the mortgage, intended that its terms should throw some light on the meaning of the conditions as to the personal liability of Parish. May it not be that, even as between Parish and Orman, this condition was the price of the power of sale granted Orman, (his heirs, administrators, and assigns,) and the guaranty that in case he sold he would make it bring the amount of the notes, interest and costs; or, if he should take it himself at his own sale, as he was authorized by the power to do, the debt should be discharged? The notes were given for two thirds of the purchase price of the land. The maker of the notes sold the same land for the same price to the plaintiff in error. One third the price was paid in cash, in this sale as in Orman's, to the seller; the remainder was to be paid to the holder of the notes in question, in installments equal to the principal and interest of each at their respective maturities. No condition is embodied in this covenant touching the effect of the sale of the property under the mortgage to Orman. Reading all the papers together, or in any way they or each of them can be read, we do not find anything on their face to limit the covenant of the plaintiff in error to pay at the maturity of the notes the full amount of the principal and interest of each, and now, that both have matured, to pay the amount of both.

We consider that the third and last ground urged by the plaintiff in error is conclusively answered by the language of the Alabama Code. By that Code attachments may issue: "(1) When the defendant resides out of the state." Section 2930. "Process of attachment may issue against foreign corporations having property in this state * * * in the same manner and subject to the same rules as in case of natural persons residing without the state." Section 2940. On the case presented to us we conclude the circuit court did not err in the matters complained of, and the judgment of that court is affirmed.