### NORTH ALABAMA DEVELOPMENT CO. v. ORMAN.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1896.)

1. CIRCUIT COURT—JURISDICTION—CORRECTION OF RECORD.

One O. brought two actions in a state court against the N. Co., in each of which an attachment was issued and levied on property which was described in the returns indorsed on the writs. Both causes were removed to the United States circuit court, and consolidated into one cause, in which a judgment was rendered for the plaintiff, condemning the property levied on, to satisfy the debts, but describing specifically only the property described on one writ, which differed materially from that described on the other. A writ of error was sued out to review such judgment, and in the record, as sent up to the court of appeals, only one writ and return were set out, the other being referred to in a note as identical with the one set out. The judgment was affirmed, and a mandate sent down, describing the property condemned as it was described in the original judgment, viz., according to the return on one writ only. An order of sale was made, again describing the property in the same way. After the sale, O. applied to the court, ex parte, to amend the judgment and order of sale nunc pro tunc, so as to include the property described in the return to the omitted writ, and an order to make such change was made by the court. The N. Co. moved to set aside the amended orders, and afterwards applied to the court of appeals for a mandamus requiring the judge to reverse his action. *Held*, that inasmuch as the original judgment evidencing the judicial conclusions of the court showed fully and finally all the property condemned to the payment of O.'s debt, whether perfectly or imperfectly described, and as the mandate of the court of appeals, based upon the record containing only one writ, described the same property, the amendments made by the circuit court were not confined to the correction of clerical errors, but materially enlarged the terms of the mandate of the appellate court, and were accordingly beyond the jurisdiction of the circuit court.

2. SAME—MANDAMUS.

*Held*, further, that though it might have been advisable to raise the question by a new writ of error, in view of the expense and delay involved, that remedy was not fully adequate, and a mandamus was not improper.

This was a petition for a writ of mandamus to be directed to the judge of the circuit court for the Northern district of Alabama, requiring him to vacate an order amending nunc pro tunc a judgment which had been affirmed by this court on writ of error.

Joseph Nathan, for petitioner.

Himes, Sheffey & Speake, opposed.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge.    On November 28, 1891, W. A. Orman sued out two writs of attachment against the North Alabama Development Company in the state court of Alabama.    The suits in which the writs issued were in the state court Nos. 1,569 and 1,570. After the sheriff had executed both writs, on defendant's lands and other property, he returned both writs with an indorsement on each writ, separately, describing therein such property as he had seized. Both causes were removed to the circuit court for the Northern district of Alabama, wherein the two causes were consolidated and tried as one suit, which trial, October 31, 1892, resulted in a judgment in favor of the plaintiff, condemning the property levied on by the writs of attachment, and specifically describing the same, to the payment of Orman's debt, and ordering the sale of said property so described.    From that judgment the defendant company, unsuccessfully, prosecuted a writ of error to this court (5 C. C. A. 22, 55 Fed. 18); and the mandate sent down recited the description of the lands and other property, as described in the judgment of the lower court. When the writ of error prosecuted by defendant to this court came up, there was recited in the record only the sheriff's return on one of the writs; that is, in suit No. 1,569.    There was a note by the clerk at the foot of a page in the record, on which the said return appeared, saying that "the sheriff's return or levy being the same, and on the same property, in each case, as stated in the transcript, he recited the writ but once."    On the return of the mandate from this court, an order of sale issued from respondent's court, and said order of sale describes lands and other property as shown in the sheriff's indorsement on the levy writ in suit No. 1,569, which said writ came up with the record.    The sheriff's indorsement on levy writ in suit No. 1,569 does not describe the same lands and other property described in his indorsement made on the levy writ in suit No. 1,570, which said writ is now for the first time, as an exhibit to respondent's answer, brought to the notice of this court.    Now, after the sale was made of the lands and other property, described in the sheriff's indorsement on the levy writ in suit No. 1,569, the description therein purporting to be the same as that shown in the original judgment, and copied literally by the clerk of this court into the mandate, the counsel for Orman, representing that all the lands and other property which were condemned to satisfy Orman's debt by the original judgment had not been sold by the marshal, under the original order of sale, moved the respondent to amend nunc pro tunc the original judgment and order of sale, so as to make the said original judgment and order of sale correspond, in their descriptions of the lands and other property, with the descriptions of such lands and other property as were condemned in satisfaction of Orman's debt.    In aid of this motion, he alleges that the property shown to have been levied on by the sheriff in executing the above writs, if correctly described, would be as follows.    And here, in his petition or motion, is given such a description of the lands and other property as he alleges were condemned to the payment of Orman's debt. We do not think it necessary, for the purposes of this opinion, to

recite herein that description. The respondent, in an ex parte proceeding, so set up by Orman's counsel, granted the amended judgment and order of sale as prayed for, and, in doing so, caused the lands and other property, as described in the counsel's motion, to be included in and described in the said amended orders. Counsel for the North Alabama Development Company, on hearing respondent's said amendments nunc pro tunc, filed a motion praying respondent to set aside his said two amended orders. Said motion is attached, as an exhibit, to the petition for mandamus, and it alleges a number of grounds which were urged by said counsel, before the respondent, on behalf of the said motion. The respondent, for himself, filed an answer to the rule, and annexed as an exhibit the levy writ in suit No. 1,570, and the sheriff's indorsement thereon. The attorney for the defendant, North Alabama Development Company, filed a demurrer to that answer, and the counsel for Orman filed a motion to dismiss petition for mandamus—First, on the ground that respondent's amendments nunc pro tunc relate only to corrections by the record; second, because the petitioner's remedy, if he has any cause of complaint, is not by mandamus, but by a writ of error. All these papers make up the pleadings which show the issues heard and disposed of at this hearing. Under the view we take of the case, we may dispose of all the issuable matters of law and fact therein by passing upon two of the several grounds urged by the defendant company's counsel on behalf of his motion, praying respondent to set aside the said amended judgment.

We will consider the two said grounds, which we think may be stated, substantially, as follows: (1) That the respondent, in passing said judgment and order of sale nunc pro tunc, did not limit his corrections to clerical errors shown in the record, but, in effect, the corrections asked for by Orman's counsel, and allowed by respondent, materially altered and enlarged his (the respondent's) judicial conclusions, as evidenced in his original judgment condemning all the property seized under the writs of attachment to the payment of Orman's debt; (2) that the said amendments nunc pro tunc affect and alter materially the judgment of the circuit court of appeals, as shown in the mandate of this court.

It will be seen from the statement which we have made, substantially, of the case, and all the pleadings and matters presented to us on the hearing of the rule, that the question for us to determine, primarily, is a mixed question of law and of fact; that is, was the respondent authorized, jurisdictionally, by or from the record, to make such corrections as it seems to us he has made by granting the said orders nunc pro tunc? In considering that issue, the first thought that suggests itself to us is that the counsel for Orman admits, though the marshal was directed to sell all the lands and other property condemned in the original judgment, and shown in the venditioni exponas based thereon, to the satisfaction of Orman's debt, that he did not sell certain lands which were described in the sheriff's indorsement on the two writs shown, respectively, in suits Nos. 1,569 and 1,570. Now, keeping that admission in mind, together

with the fact that there was one levy writ issued in suit No. 1,569, and one in suit No. 1,570, and the further fact that the sheriff made his indorsements, respectively, on each of the two writs, a correct conclusion, as to the issuable matters of law and fact, may be more satisfactorily reached.    Aside from the admission of counsel which we have just mentioned, our examination of the descriptions of lands and other property described, respectively, in the two indorsements made by the sheriff, leads us to the conclusion that the lands and other property described in the sheriff's indorsement on levy writ in suit No. 1,569 (the writ which, it seems, was followed in making up the original judgment entry, and which came, in the transcript, to this court) are materially different from the descriptions of lands and other property found in the indorsements on writ in suit No. 1,570.

The counsel for Orman, we presume, would not contend that the corrections of errors made by respondent's judgment nunc pro tunc were made by or from referring to the descriptions of lands and other property found in suit No. 1,569.    He seems to admit that the court, in making up and entering the original judgment, took its description of lands and other property described therein from the sheriff's indorsement on writ in suit No. 1,569; but he contends, in justifying the issuance of the amended orders, that, as all the lands and other property seized under both writs were condemned in the original judgment, the respondent was jurisdictionally authorized to pass such an order in the amendments nunc pro tunc as would include therein all the lands, etc., which may have been described in the writ in suit No. 1,570, as well as those lands, etc., in suit No. 1,569.    It may be that, if all the parties had rested on the original judgment in the court below, respondent would have been, jurisdictionally, authorized to have gone to both writs for the purpose of correcting his original judgment.    But we think the respondent, in passing the order nunc pro tunc, at the instance of Orman's counsel, overlooked the fact that the two writs described different lands and other property, and that respondent's original judgment, though it may have been intended by him to include and condemn all the property of the defendant which had been levied on by the sheriff in the two suits, yet, as a matter of fact, the evidence of his judicial conclusions—the original judgment, which determined all the issues in the suit originally before him—condemned only all the property which was set out and described in the original judgment entry.    And, further, we suggest that his judicial conclusions, as evidenced in the original judgment entry, on being questioned, on writ of error before us, by the development company, were affirmed by the court; that respondent's original judgment entry showed fully and finally all the property which, whether perfectly or imperfectly described, or whether taken from one writ or from both, was condemned by him to the payment of Orman's debt; that we affirmed his said original judgment; and that our mandate affirming his said judgment described precisely the land and other property which we found from the sheriff's indorsement on levy writ in suit

No. 1,569 (the only writ we had any knowledge of from the record) had been by his said judgment condemned to the payment of Orman's debt. So, of course, if the marshal sold less land than was described in the original judgment, affirmed by this court, it might be jurisdictional, in respondent's court, to correct, by an amended judgment nunc pro tunc, such clerical mistakes as might have been made by respondent's court in trying to correctly describe the lands and other property which were described in the mandate, which we, in affirmance of the original judgment, sent down to respondent's court. But the very careful examination we have made of all the pleadings, and especially of the descriptions of lands and other property described in the writ which came up to us with the record, leads us to conclude that the respondent, though he may have made his corrections from the writ in suit 1,570 or from both writs, did not limit such corrections to the record which was before us on the writ of error in which we affirmed his original judgment. Hence it follows from our conclusion on the issuable matters of law and fact raised by the petition for mandamus that the respondent, in making the amendments nunc pro tunc complained of, did not limit the amendments which he made to his said original judgment entry to the correction of mere clerical errors found therein, but that he, in passing the amended orders nunc pro tunc, materially altered and enlarged the terms of the mandate sent down from this court.

As the amendments nunc pro tunc made in the circuit court materially enlarge the judgment affirmed by this court, which judgment, by mandate, the circuit court was directed to enforce, we are clear that thereby the circuit court exceeded its jurisdiction. In re Washington & G. R. Co., 140 U. S. 91, 11 Sup. Ct. 673. As, in the matter of executing the mandate of this court, there was no jurisdiction in the circuit court to enlarge the judgment, this court can inquire into the proceedings, and correct the same; and, although it might have been admissible to raise the question by a new writ of error, yet, in view of the expense and delay to be caused thereby, and that a supersedeas with bond would be necessary thereto, we do not consider that such remedy would have been fully adequate, or that a writ of mandamus is now improper. Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611.