## CITY OF CHICAGO v. S. OBERMAYER CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1920.)

### No. 2783.

1. **Courts** ⬳366(11)—**Federal courts governed by state decisions as to state Constitution and statutes.**

   Federal courts accept as conclusive the decisions of the highest court of the state with respect to the meaning and effect of state Constitutions and statutes on right to interest on recovery for diminution of value by closing of street.

2. **Eminent domain** ⬳148—**Interest not allowable prior to verdict on damages.**

   In view of Hurd's Rev. St. Ill. 1917, c. 74, § 2, in property owner's action against city to recover compensation pursuant to Const. Ill. 1870, art. 2, § 13, for diminution in value of property caused by closing a street to vehicle traffic, it was error to allow interest from the time of the street closing, for, the damages being unliquidated, interest was allowable only from the date of the verdict and on the amount thereof.

3. **Eminent domain** ⬳145(2)—**Special benefits from track elevation may be considered as against special damages.**

   In property owner's action against a city for causing diminution in value of his property by closing a street on which the property was located to vehicle traffic by track-elevation improvement authorized by ordinance, it appearing that on other neighboring and parallel streets vehicle subways were provided, the jury could consider, as against plaintiff's special damages, his property's special benefits, in that vehicle traffic thereto along such parallel streets was, by the improvement, rendered safer, speedier, and more convenient.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the S. Obermayer Company against the City of Chicago. Judgment for plaintiff, and defendant brings error. Reversed.

George Kandlik, of Chicago, Ill., for plaintiff in error.

H. S. Mecartney, of Chicago, Ill., for defendant in error.

Before BAKER and PAGE, Circuit Judges, and SANBORN, District Judge.

BAKER, Circuit Judge. Obermayer Company, an Ohio corporation, sued Chicago for causing a diminution in value of its factory site and buildings on Eighteenth street by closing that street to vehicle traffic. Trial by jury; verdict and judgment for Obermayer Company.

Chicago in 1907 passed a track-elevation ordinance. At that time 16 double-track railways crossed Eighteenth street at grade. Elevation of tracks at the place in question, wholly upon the railway companies' rights of way, was done in June, 1910. A subway for pedestrians was

constructed at Eighteenth street, but none for vehicles. This track-elevation improvement, however, involved other streets north and south of Eighteenth. Along streets parallel with Eighteenth street vehicle as well as pedestrian subways were provided. None of Obermayer Company's property was taken. In front of the factory the street was neither taken nor obstructed.

[1] Assignments of error present questions arising from the Constitution and statutes of Illinois. Federal courts accept as conclusive the decisions of the highest court of the state with respect to the meaning and effect of the state Constitution and statutes upon state matters—such as holding realty within the state. Wilcox v. Hunt, 38 U. S. (10 Pet.) 378, 10 L. Ed. 209; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; United States Mortgage Co. v. Sperry, 138 U. S. 313, 11 Sup. Ct. 321, 34 L. Ed. 969.

[2] Section 13 of article 2 of the Illinois Constitution of 1870 provides:

"Private property shall not be taken or damaged without just compensation. Such compensation, when not made by the state, shall be ascertained by a jury, as shall be prescribed by law."

By their verdict the jurors said that Obermayer Company's property had been damaged to the extent of $5,000. They arrived at this amount by ascertaining the difference between the value of the property immediately before and the value immediately after the improvement was made. In entering judgment on this verdict, the court, on Obermayer Company's motion and over Chicago's objection, added interest for nine years at 5 per cent., $2,250.

In Illinois the statute (Rev. Stat. Ill. c. 74, § 2) allows interest on—

"all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

In Chicago v. Allcock, 86 Ill. 384, decided in 1877, the Supreme Court of Illinois held in effect that the state Constitution left the Legislature free to provide for interest, or not, as it saw fit; that the statute allowed no interest on unliquidated damages; that in such cases interest began first to run from the date of the verdict and upon the amount thereof. In that suit Chicago had built a water tunnel under Allcock's property without his consent, the settling of the surface of his land seriously damaged his buildings, and the action was to recover the damages so sustained.

As the Illinois Constitution was adopted in 1870, and the Allcock decision respecting the interest statute was rendered in 1877, Obermayer Company, coming over from Ohio and buying this Illinois realty in 1888, is not in a very good position to ask us, even if we had the right, to listen to the contention that "substantial justice" requires the overturning of the Illinois law as interpreted by the Illinois Supreme Court. When asked to change its stand, the Illinois Supreme Court,

in Geohegan v. Union Elevated Rld. Co., 266 Ill. 482, 107 N. E. 786, Ann. Cas. 1916B, 762, decided in 1915, solemnly accepted the Allcock Case as the settled law of the state.

"Money withheld by vexatious delay" cannot apply to Chicago's conduct in aiding the jury to ascertain the unliquidated damages; but, if it could, the delay is chargeoble to Obermayer Company. No declaration was filed till April, 1912. Then it was not till June, 1914, that Obermayer Company had on file a nondemurrable declaration. Not till December, 1918, did Obermayer Company move to have the cause put on the trial calendar. Trial was reached in April, 1919. No part of the nine years, for which interest was added, is chargeable to Chicago. Allowance of interest in such circumstances would be awarding Obermayer Company a premium on its own delays.

If this interest question were the only error assigned, the mandate would be to vacate the judgment and enter a new one for the amount of the verdict, with interest from its date. But Chicago has presented an assignment that attacks the verdict itself.

[3] By offers of proof and requests for instructions on what evidence was in, Chicago claimed the right to have the jury consider special benefits as against special 'damages. Obermayer Company was presenting only the injury that resulted to its property by reason of the partial closing of Eighteenth street. When Eighteenth street was open, persons in vehicles had access along that street to Obermayer Company's plant by driving over grade crossings; and tracks at grade likewise crossed parallel streets. When the track elevation was completed, although vehicle traffic could not pass under the railroad tracks at Eighteenth street, the theory of Chicago in offering its proofs and instructions was that vehicle traffic to and from Obermayer Company's plant along parallel streets in the immediate vicinity was rendered safer, speedier, and more convenient, and that thereby Obermayer Company's property had received special benefits from the improvement in the very respect in which the property had been specially damaged. This theory of Chicago's legal right is in accordance with West Side Elevated Ry. Co. v. Stickney, 150 Ill. 362, 37 N. E. 1098, 26 L. R. A. 773, Brand v. Union Elevated Ry. Co., 258 Ill. 133, 101 N. E. 247, L. R. A. 1918A, 878, Ann. Cas. 1914B, 473, Geohegan v Union Elevated Ry. Co., 266 Ill. 482, 107 N. E. 786, Ann. Cas. 1916B, 762, and numerous earlier cases therein cited.

Chicago is entitled to a new trial; but we do not feel sure that the attack upon the verdict was not included merely as a makeweight in obtaining a reversal of the judgment. Chicago is directed to file with the clerk within 10 days its election to take a mandate for a new trial or for a corrected judgment upon the verdict.

The judgment is reversed.