## UNITED STATES FIDELITY & GUARAN-TY CO. v. WORTHINGTON & CO.*

(Circuit Court of Appeals, Fifth Circuit. June 2, 1925.)

### No. 4546.

**1. Principal and surety ⬅︎190½—Evidence sufficient to sustain verdict of $15,000 for abandoning contractor against surety.**

In action by contractor, who abandoned work when one-third completed, against surety, which took over plaintiff's machinery, accepted retained percentages, and effected completion of work, evidence *held* to sustain verdict of $15,000.

**2. Principal and surety ⬅︎175—Surety taking over abandoning contractor's work had duty to complete it as reasonably as possible.**

Surety on contractor's bond, who assumed contract on abandonment by contractor, and took over equipment, materials, and money of contractor, had duty to complete work as reasonably as possible and without profit to itself.

**3. Principal and surety ⬅︎190½—Abandoning contractor had action of assumpsit against surety taking over machinery and money and completing contract.**

Where surety assumed contract and took over materials, moneys, and equipment on abandonment of contractor, latter had action in assumpsit for money had and received for any excess from that needed to complete work.

**4. Money received ⬅︎2 — No distinction between money and property.**

In action for money had and received, there is no distinction in Alabama between money and property.

**5. Courts ⬅︎335(1) — Contractor entitled to action at law in federal court against surety for money had and received.**

Where surety assumed contract on abandonment by contractor and took over equipment, money, and materials, contractor, being entitled to proceed at law in Alabama state courts, *held* entitled to same remedy in federal court, notwithstanding equity might also have jurisdiction on bill for accounting.

**6. Principal and surety ⬅︎190½—Provision of surety contract, making vouchers of payment by surety conclusive, strictly construed against surety.**

Where surety assuming contract took over money, materials, and equipment of abandoning contractor, clause in surety contract making vouchers or other evidence of payment by surety conclusive is to be strictly construed against surety in light of all facts with view to doing justice, and, while applicable to determine extent of liability of contractor to surety, is not basis for determining liability of surety to contractor on another cause of action.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

*Rehearing denied August 14, 1925.

Action by Worthington & Co., a partnership composed of Thomas Worthington, Jr., and William Heer, Jr., against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Phares Coleman and M. C. Stewart, both of Birmingham, Ala., for plaintiff in error.

Le Roy P. Percy, of Birmingham, Ala. (Percy, Benners & Burr, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that the defendant in error (hereafter called plaintiff) secured a contract from the state of Alabama to build about 4 miles of concrete highway near Selma, and gave bond for the faithful performance of the work, with the plaintiff in error (hereafter referred to as defendant) as surety.

The bond provided that, upon the failure of plaintiff to promptly and efficiently prosecute the work in accordance with the contract, defendant should take charge, complete the work at its own expense, and receive any balance due under said contract.

At the time of making the bond an indemnity agreement on a form prepared by defendant was executed by plaintiff, by which an assignment was made to defendant of all materials and equipment on the work, and of all deferred payments and retained percentages due plaintiff by the state for the work already completed, with subrogation of the surety to all the rights of the principal in the premises. This assignment was to become effective in the event of plaintiff's default on the work. The indemnity agreement contained also the following provision: "That the vouchers or other evidence of payments made by the company under its obligations of suretyship shall be conclusive evidence of the fact and extent of the liability of the undersigned to the said company under said obligation, whether said payments were made to discharge a penalty thereunder, incurred in the investigation of a claim made thereon, adjusting a loss or claim in connection therewith, or in completing the work covered by said contract, and whether voluntarily made or paid after suit and judgment against said company."

For reasons not disclosed by the record, plaintiff quit the job after about one-third of the work had been done, and the state notified defendant that it must complete the work. Defendant took possession of all

plaintiff's materials and equipment, and, without notice to plaintiff, made a contract with one R. L. Lacy, whereby he agreed to complete the work and receive in payment therefor all of plaintiff's materials and equipment then on the job, all of the retained percentages and money then due on estimates, as a bonus or additional compensation, and the contract prices for the balance of the work. The work was completed by Lacy to the satisfaction of the state, and on January 16, 1924, the final estimate was issued and paid to defendant. There still remained some curative work to be done, but to guarantee this Lacy gave his certified check to the state.

Thereafter, in July, 1924, plaintiff brought suit for $37,655.45 on various counts. Demurrers were sustained to some of the counts, and a count for conversion was not submitted to the jury, leaving the complaint eventually with three counts for money had and received and one count for property received. Defendant pleaded in short by consent, under the Alabama practice, and the case was tried on the issues thus joined. At the close of the case defendant in various forms moved for an instructed verdict which was denied. The case went to the jury and resulted in a verdict in favor of plaintiff for $15,000, on which judgment was entered.

No error is assigned to the overruling of the demurrers, but the same questions are raised by requests for special charges and the motions to direct. There are some twenty assignments of error. Nine of these run to the admission of evidence and one to the rejection of evidence. These ten assignments are plainly without merit, and need not be further considered.

Defendant contends: First, that an action for money had and received cannot be maintained on the facts in this case; second, that the provision of the contract making vouchers or other evidence of payment by defendant conclusive evidence should have been strictly enforced by the court and entitled it to a verdict. All of the other assignments of error run to these two points.

[1] Considering the evidence before the jury, it appears that defendant received $15,970.36 in cash on the retained percentages and estimate due plaintiff for work completed. The vouchers for this and for the completion of the work were received from the state by defendant and indorsed over to Lacy. Plaintiff's material and equipment were transferred to Lacy by a clause in the contract between him and defendant in the form of a sale without warranty. The evidence was conflicting as to the value of this property. Plaintiff's estimate was $18,000. Witnesses for defendant estimated it at $8,700. The evidence as to the reasonable cost of completing the work was also conflicting. There was evidence tending to show that a contractor, Mitchell, made an offer to defendant to complete it for about $15,000 in addition to the contract price, without considering plaintiff's equipment. There was other evidence tending to show that by using plaintiff's materials and equipment, returning the equipment at completion of the job, Lacy should have made a profit of about $21,000. Lacy estimated his profit at about $2,500. All of this and other evidence before the jury was sufficient to support the verdict if resolved in favor of plaintiff, assuming the law to have been correctly interpreted by the court.

[2, 3] On the first point there could be no doubt that when defendant assumed the contract with the view of completing it, and took over plaintiff's equipment, materials, and money, it was defendant's duty to complete the work as reasonably as possible, and without profit to itself. Of course defendant was vested with discretion as to how this was best to be accomplished, but the duty remained the same. Furthermore, defendant did not receive plaintiff's property and money in full ownership to be retained at all events. It received them to indemnify itself against loss, and, that being accomplished, there remained the duty to plaintiff to refund the difference, if any, and there was an implied promise to that effect.

In the situation presented an action would lie in assumpsit on counts for money had and received under the practice in Alabama. The rule is clearly stated by the Supreme Court of Alabama in the case of Allen v. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063, and may be summarized as follows: "Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. * * * No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise. * * * Where one man has money which ex equo et bono belongs to another, if there be no contract modifying the general liability, the person entitled to the money may recover it in an action for money had and received. * * * This is the settled law of this state."

[4] The property received by defendant was equivalent to money. It was paid over in specie to Lacy in part consideration for

completing the contract. In such case the law of Alabama makes no distinction between money and property in an action for money had and received. Barnett v. Warren & Co., 82 Ala. 557, 2 So. 457.

[5] Having the right to proceed at law in Alabama, plaintiff was entitled to the same remedy in a federal court in Alabama, notwithstanding equity might also have jurisdiction on a bill for an accounting. North Ala. Dev. Co. v. Orman, 55 F. 18, 5 C. C. A. 22.

[6] On the second point a number of cases have been cited by both plaintiff and defendant. Some of these cases hold identical or similar clauses to be void as against public policy, others give prima facie effect to the evidences of payment, and at least one holds the clause to be conclusive in a suit by the surety against the principal for reimbursement. We have considered all the cases cited. There is none of controlling authority and to attempt to analyze and reconcile them would serve no good purpose, considering our conclusions.

Persons seeking corporate surety on bonds are seldom on equality with the surety company, and are obliged to accept forms prepared by the company. Many working contracts require a bond signed by a surety company as security for the faithful performance of the contract. Such was the provision of the specifications in this case. Clauses making vouchers or other evidences of payment conclusive evidence of the liability of the principal to the surety are therefore to be strictly construed in the light of all the facts and circumstances of the case and with the end in view of doing justice between the parties.

The clause clearly contemplates a situation in which the surety may have to pay out its own money for the completion of the work and be forced to sue the contractor for reimbursement. It is the extent of the liability of the contractor to the surety company for money paid out for his account that is to be determined by the vouchers, giving the clause any effect, and not the liability of the surety company to the contractor on another cause of action.

We are not required to decide what effect should be given to the clause in question in other cases that might arise, and as to that refrain from expressing any opinion, but we must hold that the clause cannot be made applicable directly or by implication to the issues presented in this case.

No error appearing in the record, the judgment is affirmed.